[No. 10347.   Department One.   December 12, 1912.]

FRANK HANFORD et al., *Respondents*, v. TOLEDO FIRE & MARINE INSURANCE COMPANY, *Appellant*.[1]

INSURANCE—CANCELLATION OF POLICY—RETURN OF PREMIUMS— AGENTS' AUTHORITY — RATIFICATION — PRESUMPTION AS TO POLICY. Where insurance agents cancelled all outstanding policies and sent each policy holder, as return premium, a *pro rata* amount figured on the policy and premium if it had run the full term, at the same time notifying the company, which ratified the cancellation and return of premiums to the extent of the short rate, the acts of the agent are ratified and the company cannot insist on a settlement with the agents based on a short rate basis; it being presumed, in the ab-

[1]Reported in 128 Pac. 235.

sence of anything to the contrary, that the policy could not be cancelled by the company without returning a *pro rata* of the unearned premiums.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 2, 1912, in favor of the plaintiffs, in an action by agents to recover refunds paid to policy holders upon cancellation of insurance policies. Affirmed.

*Ballinger, Battle, Hulbert & Shorts* (*Wm. J. Claassen*, of counsel), for appellant.

*Bausman & Kelleher*, for respondents.

CHADWICK, J.—Plaintiffs were the agents of the defendant in the city of Seattle, and had issued a line of insurance for it. The stability and standing of the company having been questioned, plaintiffs, of their own motion, cancelled all outstanding policies and sent to each policy holder a return premium. The amount returned was the *pro rata* or ratable amount figured on the policy and premium if it had run for the full term. On the same day, plaintiffs wrote defendant as follows:

"We are forwarding this day under separate cover to the Lumber Insurers General Agency of New York, policies, per the enclosed lists which we have canceled as of November 2d, except those marked 'not received.' We have also terminated your liability under those so marked as of the same date. These policies have not yet been received from the assureds, but will be forwarded as soon as they come into our possession. All liability, however, as stated above, ceased at noon November 2d. The enclosed lists show return premiums under policies."

To this letter, defendant replied:

"We would be pleased to receive a statement of your account to that date, and any policies that you may have authoritatively canceled. You, of course, had the right to cancel any and all policies on the basis of short rates, but you had no authority to cancel all our policies on a pro rata

basis.  When the policies are received, your statement of accounts and supplies, we will ascertain the amount of return premiums there would be on a short rate basis and if it exceeds the amount due from your agency, we will send you a draft for the balance."

The parties were unable to agree as to the amount due; plaintiffs insisting that, having canceled the policies, it was their duty to return the *pro rata* amount of the premium; defendant insisting that it was liable only for the amount due on the canceled policy, computed at what is called among insurance men a "short rate" premium.  This we understand to be an amount equal to the premium if the policy had been originally written for the time elapsing between the date of the policy and the date of cancellation.  We believe these rates to be invariably higher than the stated premiums. Plaintiffs accordingly brought this action, demanding the sum of $2,420.21, which is the admitted amount due if plaintiffs are right in their contention.  Defendant answered and admitted the sum of $1,479.21 to be due on the short rate basis.  This money was paid into court for plaintiffs.  The court below sustained the contention of the plaintiffs, and rendered judgment for the difference between the *pro rata* rate and the short rate, being $941.  Defendant has appealed.

Appellant has offered several defenses.  It claims that there was no express authority to cancel existing insurance, the written contract of agency being silent in that respect. If the case depended upon this and this alone, it would be doubtful whether the act of respondents could be sustained. Authority to cancel a policy does not necessarily follow from authority to procure it.  3 Cooley, Briefs on The Law of Insurance, p. 2818; 19 Cyc. 648, and cases cited.

But, waiving this consideration, we are convinced that the letter and the pleadings offered on behalf of appellant are a ratification of respondents' act.  This is not a case where the rights and liabilities of the two contracting parties, the

assured and the insurer, are involved. It is merely a question of agency. The fact remains that the policies have been canceled and the relations of the parties to the policies have been terminated. The only question remaining open, therefore, is whether respondents rightfully paid a *pro rata* amount on each policy or should have paid the short rate. Having ratified the cancellation and the return of premiums to the extent of the short rate, appellant cannot now maintain that respondents paid more than they should have paid. When a policy holder cancels a policy, he may be charged a short rate if it be within the terms of the contract. This right is sustained upon the theory that it is in the nature of a penalty as for a breach of contract. It is within the contract of the parties. When the company cancels, however, we know of no rule of law that would permit it to retain anything in the way of a penalty, or more than the *pro rata* earning of the policy. It cannot pay less than the policy holder is entitled to receive.

"It is also a general rule that on the cancellation of the policy the insured is entitled to the unearned premium." 2 Cooley, Briefs on The Law of Insurance, p. 1047.

See, also, May, Insurance (4th ed.), 67J; *Lattan v. Royal Ins. Co.*, 45 N. J. L. 453.

The policies issued by appellant are not before the court. We think we may judicially notice that the policies do not provide that an insured party would be subject to pay more than a ratable proportion of his premium, when the contract is terminated by the other party; for while parties might so contract, in the absence of a positive showing, we will not presume that the policy holder would contract to his disadvantage. There are other matters suggested in the briefs and arguments of counsel, but as we view this case, they have no bearing upon it.

The judgment of the lower court is affirmed.

Mount, C. J., Gose, Crow, and Parker, JJ., concur.